## FINES GOING TO LAW LIBRARIES.

Circuit Court of Cuyahoga County.

THE STATE OF OHIO, EX REL THE CLEVELAND LAW LIBRARY ASSO-
CIATION, v. PETER J. HENRY, CLERK OF THE MUNICIPAL
COURT OF CLEVELAND.

Decided, May 10, 1912.

*Statutory Construction—Later and Special Statutes Prevail—Law Li-
braries Not Entitled to Fines Collected in Municipal Courts.*

1. Where two statutes are irreconcilable the one last enacted must pre-
vail, and where there is a conflict between a general law and a
special act the special act will prevail.
2. Section 3056, General Code, giving to law library associations fines
and penalties collected in police courts in certain cases, does not
give to such associations the fines and penalties collected in those
cases in a municipal court, which has been created by special act,
and to which jurisdiction of all cases formerly exercised by police
courts has been transferred, where the act creating the municipal
court expressly directs the clerk of that court to pay all moneys
collected to the city treasurer.

*A. A. & A. H. Bemis,* for plaintiff.
*E. K. Wilcox,* contra.

POLLOCK, J. (sitting in place of Winch, J.); DUSTIN, J. (sit-
ting in place of Marvin, J.), and NIMAN, J., concur.

This is an action in mandamus brought in this court by the re-
lator, the Cleveland Law Library Association, against Peter J.
Henry, clerk of the municipal court of Cleveland, for a writ in
mandamus to compel the defendant, Mr. Henry, to pay over to
the library funds of this city, the amount collected as penalties
for offenses and misdemeanors, as provided by Section 3056 of
the code.

They allege in their petition that the relator, the law library
association, is duly incorporated under the laws of Ohio and has
its location in the city of Cleveland, and that, in short, it is en-
titled to the funds provided for in this section and that the de-
fendant has refused to pay to it such funds.

This involves a construction of the section referred to, together

with certain sections providing for the municipal court of this city.

The Legislature of the state of Ohio in the year 1910 passed an act creating a municipal court for the city of Cleveland (101 O. L., 365), giving to it certain concurrent jurisdiction with the court of common pleas, and also the jurisdiction of justices of the peace. The act further provided for judges of that court and the clerk of the court, and such other judicial machinery as was necessary to carry out the intent of the Legislature.

The Legislature of 1911 increased the jurisdiction of this court by giving to it the jurisdiction of all misdemeanors and of violations of the city ordinances, which the police court of this municipality had theretofore exercised.

It is claimed that transferring the jurisdiction of the police court to another court having a different name would not destroy the plaintiff's right to funds under the section above referred to.

We fully agree with counsel that the mere change of name of the court would not affect the distribution of any funds which might come into the hands of the officers of that court, and if this were all the change, affecting the fines coming into the hands of the clerk, that was made in providing a municipal court for this city, we would have no trouble in arriving at the construction of this statute claimed by the plaintiff. But the act creating the municipal court went further than this, and, by Section 30 of that act, provided for the distribution or payment of the funds that should come into the hands of the clerk of this court by virtue of his official position. It provides as follows:

"He shall pay over to the proper parties all moneys received by him as clerk; he shall receive and collect all costs, fines and penalties, and pay the same quarterly to the treasurer of the city of Cleveland, and take his receipt therefor, but moneys deposited as security for costs shall be retained by him pending the litigation."

This statute specifically directs that all costs, fines and penalties shall be paid by the clerk quarterly to the treasurer of the city of Cleveland. If he obeys this requirement of the statute, it is certain that he can not pay to the library association under

Section 3056. That section requires the clerk of the police court to pay a certain proportion of the fines and penalties assessed and collected for offenses and misdemeanors to the library fund. If we say that a change in the name of the court that now has jurisdiction to hear these cases, changed in no way the rights provided by statute of parties to share in the distribution of funds, we have here a direct contradiction in the statute. The clerk, if both of these statutes apply to him, can not obey the requirements of both of them. If the clerk of this municipal court is controlled by both of them, the two statutes are irreconcilable, and where two statutes are irreconcilable the latter must prevail (*State, ex rel Guilbert, Auditor,* v. *Haliday,* 63 O. S., 165). And, further, the act creating the municipal court is a special act and creates the office of clerk, the official position held by the defendant, Henry, and this act provides for the distribution of the funds coming into the hands of the clerk by virtue of his office. Where there is a conflict the special act should prevail over the general.

For this reason we feel that the clerk of the municipal court can not be ordered to pay these funds to the law library association.

No doubt the result reached is to be regretted by all parties, for it would be greatly to the benefit of the officers of the municipal court and city to have free access to the books of this law library, but we feel that we could not place such a construction on this statute without reading into it an exception which it does not contain, and that the proper way to remedy this oversight in the statute, if it is an oversight, is through the Legislature.

The writ is denied, and plaintiff's petition dismissed.